UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. MAXEY,<br><br>            Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA AND BARACK OBAMA,<br><br>            Defendants. | No.  14-cv-00900 JAM-KJN<br><br>**ORDER DENYING PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

This matter is before the Court on Plaintiff James Maxey's ("Plaintiff") Ex Parte Motion for a Temporary Restraining Order ("TRO") (Doc. #1).  Plaintiff is a pro se litigant who requests a TRO "compelling Respondents to immediately suspend the government's (24 hours a day) unwarranted surveilance [sic] of him by way of a 'satellite instrument' criminally implanted into his body (without his knowledge) in order to monitor every movement made inside and outside of the home."  Compl. ¶ 3.

To qualify for a temporary restraining order, the moving party must demonstrate (1) a probability of success on the merits and the possibility of irreparable harm, or (2) that the lawsuit raises serious questions and the balance of hardship tips sharply in the movant's favor.  See Hoopa Valley Tribe v. Christie, 812

1

1  F.2d 1097, 1102 (9th Cir. 1986); Regents of Univ. of Cal. v.
2  American Broadcasting Companies, Inc., 747 F.2d 511, 515 (9th
3  Cir. 1984); see also Fed. R. Civ. P. 65.  Although pro se
4  pleadings are liberally construed, see Haines v. Kerner, 404 U.S.
5  519, 520-21 (1972), they are not immune from the Federal Rules of
6  Civil Procedure.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th
7  Cir. 1995).

   This case is the latest in a series of cases filed by Plaintiff, most of which have been dismissed with prejudice. Nevertheless, Plaintiff filed this complaint and it appears that everything the Court has done or will do, it will have to do over and over and over again.  As with Plaintiff's previous request for a TRO, Plaintiff's convoluted enumeration of claims does not meet the requisite burden.  He alleges a litany of offenses describing a circle of violence and degradation.  However, Plaintiff has failed to articulate the parties and the behavior that he seeks to enjoin.  Further, he has failed to show a probability of success on the merits, a possibility of irreparable harm, or that this lawsuit raises serious questions of public interest with the balance of hardship tipping in his favor.

   Accordingly, for all these reasons, the Court DENIES Plaintiff's Motion for a Temporary Restraining Order.

   IT IS SO ORDERED.

   Dated:  April 14, 2014

   _____
   JOHN A. MENDEZ,
   UNITED STATES DISTRICT JUDGE